UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANE HYATT,

                      Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; FEDERICO VAZQUEZ, N.Y.C. POLICE LIEUTENANT; FIZGERALDA HERNDON-SOTO, N.Y.C. POLICE SERGEANT; GREGORY PEREZ, N.Y.C. POLICE OFFICER; EDWARD SACCO, N.Y.C. POLICE OFFICER; RAFAEL MELENDEZ, N.Y.C. POLICE OFFICER; ANDREW CHU, N.Y.C. POLICE OFFICER; MATAE LEE, N.Y.C. POLICE OFFICER; MINHO WHA, N.Y.C. POLICE OFFICER,

                      Defendants.

25-CV-4585 (DEH)

ORDER OF SERVICE

DALE E. HO, United States District Judge:

      Plaintiff, who currently is incarcerated at Clinton Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law. By order dated June 12, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Claims against the New York City Police Department

Plaintiff's claims against the New York City Police Department must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status, the Court will construe any allegations against the New York City Police Department as being asserted against the City of New York, which is also named as a defendant in this action.

### B. Request to waive service

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York; Lieutenant Federico Vazquez; Sergeant Fizgeralda Herndon-Soto; and Officers Gregory Perez, Edward Sacco, Rafael Melendez, Andrew Chu, Matae Lee, and Minho Wha waive service of summons.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York City Police Department for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York; Lieutenant Federico Vazquez; Sergeant Fizgeralda Herndon-Soto; and Officers Gregory Perez, Edward Sacco, Rafael Melendez, Andrew Chu, Matae Lee, and Minho Wha waive service of summons.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 17, 2025
         New York, New York

                                                   _____
                                                           DALE E. HO
                                                    United States District Judge

