**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
SHANE HYATT,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.
---------------------------------------------------------------X

**25-CV-4585 (DEH) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

In a letter dated July 25, 2026, Plaintiff raised certain issues with the discovery he had received from Defendants in this matter. See ECF No. 43. First, Plaintiff noted that he received the video footage of the alleged narcotics transaction, but that he was provided twenty seconds of video footage, although Plaintiff states that the video shown in his state court hearing was approximately an hour long. Id. Plaintiff states that the entirety of the video is "important to this case to show that P.O. Sacco was falsifying information to his team and falsifying documents." Id. In response, Defendants argue that the remainder of the video footage is protected by the law enforcement privilege because "the longer footage depicts and unidentified undercover police officer engaging in police operations." ECF No. 45 at 1. "If a party voluntarily discloses a privileged document, it waives the privilege for that document and cannot later seek to keep the document confidential." Schiller v. City of New York, No. 04-CV-7921 (KMK) (JCF), 2007 WL 136149, at *5 (S.D.N.Y. Jan. 19, 2007); Kshel Realty Corp. v. City of New York, No. 01-CV-9039 (LMM) (JCF), 2004 WL 2978295, at *2 (S.D.N.Y. Dec. 20, 2004) ("[P]rinciples of waiver apply to the law enforcement privilege, so that a document otherwise properly withheld may be subject to disclosure if the privilege has been forfeited."). By **August 28, 2026**, Defendants are

directed to explain why the law enforcement privilege was not waived given that Plaintiff appears to have been shown the entirety of the video footage at his pre-trial hearing.

Second, Plaintiff states that he has not received the transcripts for his May 1, 2024, May 3, 2024, and May 8, 2024 proceedings in state court, nor has he received the laboratory report from the New York City Police Department. ECF No. 43. In response, Defendants state that they have produced the transcript for the May 3, 2024 proceeding, but that they "do not currently have in their possession transcripts for proceedings on May 1, 2024, or May 8, 2024, nor do they have in their possession an alleged lab report of items recovered from Melvin Smith." ECF No. 45 at 2. Because Plaintiff is pro se and incarcerated, Defendants are directed to obtain the transcripts for the May 1 and May 8 proceedings and provide them to Plaintiff by **September 25, 2026**. For the same reason, Defendants are directed to obtain a copy of the laboratory report and provide it to Plaintiff by September 25, 2026, or submit a letter to the Court explaining why the report cannot be obtained.

**SO ORDERED.**

DATED: August 19, 2026
New York, New York

VALERIE FIGUEREDO
United States Magistrate Judge